**Darshan KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2004.

Decided Aug. 30, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner. Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM *

Under the substantial evidence standard, we cannot say Darshan Kaur's testimony would compel the conclusion that she was persecuted in the past or has a well-founded fear of future persecution should she return to India. *See Wang v. Ashcroft*, 341 F.3d 1015, 1019–20 (9th Cir. 2003); 8 U.S.C. § 1101(a)(42)(A). Accordingly, we deny her petition for review of her asylum and withholding of removal claims. *See Navas v. INS*, 217 F.3d 646,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

655 (9th Cir.2000) (failure to establish asylum eligibility means petitioner cannot meet more stringent withholding requirement).

PETITION FOR REVIEW DENIED.

PREGERSON, Circuit Judge, Dissenting.

I believe that Kaur suffered past persecution and has demonstrated a well-founded fear of future persecution should she return to India.

The facts in evidence clearly illustrate that Kaur was persecuted on account of an imputed political opinion. *See Vera–Valera v. INS*, 147 F.3d 1036, 1038 (9th Cir. 1998). Kaur's husband and son were both actively involved in the Sikh separatist movement and were both arrested and tortured by the Punjabi police. In turn, Kaur was victimized for allegedly harboring Sikh separatists and for supporting the separatist movement. Her home was raided on numerous occasions by police who were in search of her son, her husband, other alleged separatists, and weapons used by these separatists. This persistent persecution forced Kaur to flee from her home. After Kaur fled, the village sarpanch declared that he feared Kaur would be arrested or perhaps killed by the police if she were to return to India.

Kaur may qualify for asylum if she demonstrates a well-founded fear of future persecution. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir.2003). If Kaur establishes past persecution, a rebuttable presumption arises that her fear of future persecution is well-founded. *See Singh v. Ilchert*, 63 F.3d 1501, 1510 (9th Cir.1995); 8 C.F.R. § 208.13(b)(1)(i). Alternatively, in the absence of past persecution, Kaur need only show a ten percent chance of future persecution to establish that her fear is well-founded. *See Al-*

*Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001).

I believe the cumulative impacts of the events Kaur suffered rise to the level of past persecution, *see Baballah v. Ashcroft*, 367 F.3d 1067, 1076 (9th Cir.2004), and that her fear of future persecution is therefore, presumptively well-founded. The government failed to rebut this presumption. *See Ernesto Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000). Alternatively, even if these events did not rise to the level of past persecution, I maintain that Kaur clearly established at least a ten percent chance that she would be persecuted if returned to India. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

Either way, I would find that Kaur is statutorily eligible for asylum. *See Maini v. INS*, 212 F.3d 1167, 1177 (9th Cir.2000).

I respectfully dissent.